DECUIR, J.,
dissents and assigns written reasons.
I find no abuse of discretion in the trial court’s ruling granting the motion in li-mine. I find that the accuracy of the event data recorder printout is questionable for the following reasons. The event data recorder was removed from the Mills vehicle two weeks after the accident. The vehicle was not secured in a police impound yard, but was stored by a towing business following the accident. The officer who removed the event data recorder from the vehicle had no training on how to properly remove the recorder. The Defendants’ expert testified that the vehicle should have been photographed, the recorder exposed and photographed in its place before it was removed, and the recorder’s serial number photographed for identification purposes. The officer also kept the recorder in his vehicle’s trunk for two weeks before it was 1 .¡brought to a state police office for downloading. The Defendants’ expert stated that since the data file within the recorder is electronic, it is possible to alter or corrupt the crash data within the recorder by improper handling of the recorder. In sum, the recorder was not treated as evidence and a proper chain of custody was not maintained.
As to the printout itself, I find that it raises questions of reliability. The vehicle identification number on the printout was entered manually by the operator of the software program during the download process because the recorder itself does not contain the VIN number of the vehicle into which it is placed. The printout was downloaded using a different version of the vehicle manufacturer’s software than was used to actually print the document. In addition, I find that the printout cannot be verified since the location of the event data recorder containing the original data is not known and the computer records that would show that the data was properly downloaded, interpreted and generated are no longer available. Without these items, the Defendants’ expert witness cannot review and test the reliability of the software’s printout because the actual data itself is missing. More importantly, without the recorder, there is no way to determine whether the recorder had malfunctioned or been tampered with.
In conclusion, I find that the acquisition and handling of the event data recorder evidence in this case necessarily renders *3 the printout at issue unreliable and inadmissible at trial. La.Code Evid. art. 901. Washington v. Aetna Life Ins. Co., 04-135 (La.App. 4 Cir. 10/13/04), 886 So.2d 572, writs denied, 04-2803 (La.3/11/05), 896 So.2d 63, and 04-2753 (La.3/11/05), 896 So.2d 75.
Therefore, I would deny the writ finding no abuse in the trial court’s discretion.